**HAHNEMANN UNIVERSITY**

v.

**DISTRICT 1199C, NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, and American Arbitration Association.**

Civ. A. No. 84–4231.

United States District Court,
E.D. Pennsylvania.

Oct. 31, 1984.

David F. Girard-Dicarlo, Ronald H. Surkin, Michael A. Davis, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for plaintiff.

Miriam L. Gafni, Philadelphia, Pa., for defendants.

MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

Plaintiff, Hahnemann University ("Hahnemann"), sues to enjoin District 1199C, National Union of Hospital and Health Care Employees ("District 1199C") and the American Arbitration Association ("AAA") from proceeding with an attempted arbitration sought by District 1199C concerning

provisions of a collective bargaining agreement ("cba") between District 1199C and Hahnemann. Additionally, Hahnemann seeks declaratory relief. Jurisdiction is based on section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

On September 14, 1984, a hearing on plaintiff's motion for a preliminary injunction was held. Since the factual basis for permanent injunctive relief would not be changed by the addition of further evidence, trial on the merits will be advanced and consolidated with the aforementioned hearing pursuant to Rule 65(a)(2) Fed.R. Civ.P.[1]

Hahnemann operates a medical college and teaching hospital in Philadelphia, Pennsylvania. District 1199C is a labor union representing certain of Hahnemann's employees. Among these are Hahnemann's dietary department employees who work 20 hours per week or more.

Until July of 1983, the hospital operated and managed its dietary department using its own staff. During this time there were two full time shifts and most of the employees in the bargaining unit worked full time hours. (35–40 hours/week).

After July of 1983, Hahnemann contracted with ARA food services to manage the dietary department. As a result of the ARA takeover of the dietary department, staffing changes with regard to that department's employees were made. Among these were the reduction of 11 full-time employees from 35 hours a week or more, to less than 20 hours/week thereby rendering them non-bargaining unit employees. Simultaneously, Hahnemann hired 46 new dietary employees, all of whom worked less than 20 hours per week, thereby significantly increasing the number of non-bargaining unit employees, while substantially reducing the number of bargaining unit employees.

After proceeding through steps one and two of the grievance procedure outlined in the cba, the union sought arbitration, the final step. District 1199C's grievance termed the hospital's action in reducing the number of hours of bargaining unit members, a layoff. It claimed that the "layoff" was in violation of Article IX of the cba which requires that in the event of layoffs, non-bargaining unit employees are to be laid off first. The union claimed further that Hahnemann violated the provisions of the recognition clause of the cba by eroding the bargaining unit work and creating non-bargaining unit personnel to do the work which existed. Finally, the union claimed that laid off employees who are now working less than 20 hours a week have been denied their right to have additional hours, constituting overtime, granted to them in accordance with the provisions encompassing overtime under Article XII of the cba.

Hahnemann countered that under Article XXXII of the cba, the management's rights provisions, it had the right to schedule the number of hours to be worked and it was merely exercising that right as justified by business necessity.

The parties proceeded to arbitration on the issues listed above. At the hearing before arbitrator Joan Weitzman they stipulated to a postponement of the arbitration while settlement of the matter was attempted. Failing settlement, Hahnemann has brought this action challenging the arbitrator's jurisdiction to decide the above listed issues.

Presently pending before this court is Hahnemann's action for injunctive relief. It seeks to enjoin defendants District 1199C and AAA from arbitrating the underlying dispute, and to have this court declare the dispute non-arbitrable. The hospital maintains that this dispute is not arbitrable because the provision that it claims covers arbitration in the cba is not the typical broad arbitration provision. The hospital claims that the provision contains a clear and unambiguous exclusionary clause pro-

---

**1.** This memorandum sets forth the court's findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a).

viding that no arbitrator can hear and decide a case if it requires a determination that any provision of the cba establishes an implied limitation upon Hahnemann which is not specifically set forth in an express provision of the cba. Set forth below is the provision and the clause on which plaintiff relies:

> *Authority of Arbitrator.* The arbitrator will make his findings and render his decision to resolve the disagreement. The arbitrator shall not have jurisdiction to add to, modify, vary, change or remove any terms of this Agreement *or to determine that any provision of this Agreement establishes an implied limitation upon Hahnemann which is not herein specifically set forth....*

cba at 14. (Emphasis added.)

The hospital maintains further that because in the cba's management's rights provisions it is given certain sole rights among those the right to schedule the number of hours worked, which are not expressly abridged by a specific provision of the cba, that necessarily the defendants are seeking to have the arbitrator imply some limitation upon Hahnemann which is not expressly set forth, and, thus, expressly excluded from her jurisdiction.

District 1199C counters that the provisions in dispute, i.e., layoff, overtime and recognition, do expressly and specifically abridge management rights. These clauses, particularly the layoff provisions, it is argued, require management to act in a certain prescribed manner when it engages in actions which can be categorized thereunder. The union's position is that when management lays people off it must do so in accordance with the provisions of the cba governing such action.[2] The layoff provision provides in pertinent part: "In the event of a layoff within a job classification, all non-bargaining unit employees in the classification affected shall be laid off first." cba at 18.

---

2. Alternatively, District 1199C claims that Hahnemann is estopped from claiming nonarbitrability of the dispute because of the hospital's

The critical question in determining the outcome of this action is did the reduction in hours from 40 or 35 per week to less than 16 hours per week, constitute, as claimed by the union, a layoff in violation of the agreement; or, was such action, as urged by the hospital, merely an exercise of a management right consistent with the agreement. Both interpretations of Hahnemann's actions in the instant case are plausible. The hospital's interpretation would preclude arbitration, while District 1199C's would compel it. Since either formulation is possible, I cannot say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582–83, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960).

In order to find a dispute non-arbitrable it must be said with such "positive assurance." *United Steelworkers, supra; Federated Metals Corp. v. United Steelworkers,* 648 F.2d 856 (3d Cir.1981). This is because of the strong federal policy favoring arbitration. *See United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 566, 80 S.Ct. 1343, 1345, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) (the steelworkers trilogy).

Moreover, doubts concerning arbitrability must be resolved in favor of arbitration. *Moses H. Cove Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 23–6, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983); *Federation of Westinghouse Ind. v. Westinghouse Elect. Corp.,* 736 F.2d 896 (3d Cir.1984).

Finally, the fact that the merits of the underlying dispute and the question of

---

failure to assert that claim earlier in the grievance procedure.

arbitrability are interrelated, as they are in this case, does not enlarge this court's authority to resolve the grievance. *Federation of Westinghouse Ind., supra* at 903; *Sharon Steel Corporation v. Jewell Coal & Coke Company,* 735 F.2d 775, 778 (3d Cir.1984). Thus, I find the dispute arbitrable;[3] deny the plaintiff's motion for an injunction enjoining the arbitration; and, dismiss its complaint.

---

**3.** This finding makes it unnecessary to reach the issues presented by District 1199C's estoppel argument.